UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 13
                                                                    Case No.: 19-71044-ast
Mary Marjorie Atkinson,

                Debtor.
------------------------------------------------------------X

# DECISION AND ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, CO-DEBTOR STAY, AND IN REM RELIEF

Pending before the Court is the motion (the "Stay Relief Motion") of Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-WMC2, Mortgage Pass-Through Certificates, Series 2006-WMC2 ("U.S. Bank" or "Movant") seeking, among other things, in rem relief pursuant to 11 U.S.C. § 362(d)(4)(B) as to property located at 15 Hampton Place, Freeport, NY 11520 (the "Property"). The Court has concluded that U.S. Bank has met its burden of proof pursuant to 11 U.S.C. § 362(d)(4)(B) for in rem relief.  Therefore, U.S. Bank's Stay Relief Motion is granted.

## JURISDICTION AND VENUE

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The following constitutes this Court's findings of fact and conclusions of law made in accordance with Rule 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1

*Procedural history[1]*

On January 15, 2018, Mary Atkinson ("Debtor"), represented by counsel, filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), assigned case number 18-70305-ast (the "First Case"). On March 2, 2018, U.S. Bank filed a motion for relief from the automatic stay as to the Property. [case no. 18-70305-ast; dkt item 10] After notice and a hearing, on June 5, 2018, the Court entered an Order granting U.S. Bank relief from the automatic stay as to the Property. [case no. 18-70305-ast; dkt item 13] On June 20, 2018, the Court entered a Final Decree [case no. 18-70305-ast; dkt item 14] and issued a notice closing the case without Debtor receiving a discharge, due to Debtor's failure to timely file a certification of financial management course or official form 423, as required by Interim Bankruptcy Rules 1007(b)(7) and 1007(c). [case no. 18-70305-ast; dkt item 15]

On September 10, 2018, Debtor, represented by counsel, filed a voluntary petition under chapter 7 of the Bankruptcy Code, assigned case number 18-76107-ast (the "Second Case"). On October 26, 2018, U.S. Bank filed another motion for relief from the automatic stay as to the same Property. [case no. 18-76107-ast; dkt item 10] After notice and a hearing, on November 21, 2018, the Court entered an Order granting U.S. Bank relief from the automatic stay as to the Property. [case no. 18-76107-ast; dkt item 11] On December 12, 2018, the Court entered an Order granting Debtor a chapter 7 discharge. [case no. 18-76107-ast; dkt item 15]

On February 13, 2019, Debtor, acting *pro se*, filed this her third case and her first under chapter 13 of the Bankruptcy Code.

---

[1] The factual background and procedural history are taken from the pleadings, exhibits, stipulations and other papers submitted by the parties in the above-captioned case.

Marianne DeRosa was appointed the Chapter 13 Trustee (the "Trustee").

U.S. Bank again moved for stay relief on March 12, 2019 [dkt item 14], this time also seeking relief from the co-debtor stay pursuant to 11 U.S.C. § 1301(c) and in rem relief pursuant to § 362(d)(4) (the "Third Motion"). In support of the Third Motion, U.S. Bank attached a Judgment of Foreclosure and Sale (the "Judgment of Foreclosure") entered on May 23, 2017 in the Supreme Court for the County of Nassau in favor of U.S. Bank against Debtor among others. Additionally, U.S. Bank asserted that, since April 2012, no one had made a payment on the note in the original principal amount of $400,000.00 secured by a mortgage on the Property, that the secured debt had swelled to the amount of $806,069.84, and the Property has a value of $400,000. U.S. Bank asserts that Debtor's First Case, Second Case, and this Third Case were each filed within approximately one week of scheduled foreclosure sales of the Property.

The Court heard the Third Motion on April 4, 2019 (the "Hearing"). U.S. Bank, Debtor, and the Trustee appeared at the Hearing; Debtor represented she was seeking to retain an attorney to assist her with her bankruptcy case. Pursuant to the record of the Hearing, the transcript of which is incorporated herein by reference, the Court found cause to conditionally grant the Motion pursuant to 11 U.S.C. §§ 362(d)(1), (4) and 1301(c) and directed U.S. Bank to settle a proposed order on the Debtor on 14 day's notice; the Court provided Debtor with the opportunity to file an objection to the proposed order and established that Debtor had the burden to show that she can adequately protect U.S. Bank's interest in the Property and that her proposed chapter 13 plan has a viable chance of being confirmed.

On April 10, 2019, the Trustee filed a motion to dismiss Debtor's case (the "Motion to Dismiss"). [dkt item 16]

On April 12, 2019, U.S. Bank filed a notice of settlement of proposed order (the "Notice of Settlement") and an affidavit of service on Debtor. [dkt item 17]

On April 25, 2019, Richard F. Artura ("Debtor's Counsel") appeared on behalf of Debtor and filed a letter in opposition to the Notice of Settlement along with a counter order (the "Opposition"). [dkt item 18]  Debtor does not challenge the factual allegations concerning her defaults, the loan balance, the Property value, or the scheduled foreclosure sales, nor does she claim that U.S. Bank lacks standing to seek stay relief.  Debtor's Opposition also does not address how she can adequately protect U.S. Bank's interest in the Property nor why her proposed chapter 13 plan is viable.  The sole objection made by Debtor is to granting in rem relief.

On May 2, 2019, the Court held a hearing on the Motion to Dismiss, at which Debtor, Debtor's Counsel, and the Trustee appeared.  The Court granted the Motion to Dismiss, and reserved only on the issue of in rem relief.

*In rem stay relief*

Congress added Section 362(d)(4) to the Bankruptcy Code in 2005, to address perceived abuses in the bankruptcy process by repeat filers.  This section provides that the Court can Order that any and all future filings by any person or entity with an interest in the subject property will not operate as an automatic stay against the creditor and its successors and/or assigns for a period of two years after the date of the entry of such an order, if the Court finds that the filing of the bankruptcy filing was part of a scheme to delay, hinder, and defraud creditors that involved either-

    (A)    transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

4

      (B)      multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4). *See In re Montalvo*, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009). Here, U.S. Bank bears the burden of demonstrating a scheme to hinder, delay and defraud. *Id.*; *see also In re Lemma*, 394 BR. 315 (Bankr. E.D.N.Y. 2008); *In re Blair*, No. 09-76150-AST, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009).

      In *Montalvo*, this Court joined those courts which hold that the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors. *Montalvo*, 416 B.R. 386; *Blair*, 2009 WL 5203738, at *4. (citations omitted). "The extent of the efforts by a debtor to prosecute [their] bankruptcy case and '[t]he timing and sequencing of the filings' are important factors in determining whether a debtor has engaged in 'a scheme to delay, hinder, and defraud.'" *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014). "[T]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors ...." *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017) (citing 3 Collier on Bankruptcy ¶ 362.05[19][a]). *But see In re Gray*, 558 F. App'x 163, 166 (3d Cir. 2014) (multiple bankruptcy filings do not alone justify relief under 11 U.S.C. § 362(d)(4)(B)).

      This Court has determined that U.S. Bank has met its burden of proof. Debtor filed two prior cases to stave off foreclosure sales, and in each case this Court granted U.S. Bank stay relief. While Debtor did earn her chapter 7 discharge in her Second Case, which mitigates in her favor, it does not preclude this Court from drawing the inference it has drawn; had Debtor's goal been just to obtain a discharge she could have avoided a second filing by simply completing her

post-petition financial management education course in her First Case or by filing after the foreclosure sale was complete and any deficiency determined. Debtor has not provided evidence of any payments she made to U.S. Bank during or after any of the three bankruptcy filings, and she did not have a viable chapter 13 plan in this case. Debtor's mortgage was nearly seven years in default, had been under a foreclosure judgement for nearly two years prior to filing this case, and the Property value was substantially under the mortgage debt. The clear evidence before this Court is that this case is part of the type of multiple filing scheme for which Congress enacted § 362(d)(4).

*Conclusion*

Based thereon, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, it is hereby

**ORDERED,** that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d)(1) for cause, as to U.S. Bank, its agents, assigns or successors in interest, so that U.S. Bank, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Property; and it is further

**ORDERED**, that the co-debtor stay under 11 U.S.C. § 1301(a) is also terminated as to U.S. Bank, its agents, assigns or successors in interest, so that U.S. Bank, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Property; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable state laws governing notices of interests or liens in real property, this Order shall be

binding in any other case under this title purporting to affect the Property filed not later than **two (2) years** after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and hearing; and it is further

**ORDERED**, that the Chapter 13 Trustee shall be served with a copy of the referee's report of sale within thirty (30) days of the report, and shall be noticed with any surplus monies realized from the sale of the Property; and it is further

**ORDERED**, that all other relief sought in the Motion is denied.



**Dated: September 16, 2019**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**